Sills Cummis & Gross P.C.  
Attorneys for Debtor  
One Rockefeller Plaza, 25th Floor  
New York, New York 10020  
(212) 643-7000  
Jay L. Silverberg (JLS 0334)  
Lori K. Sapir (LS 8813)  

HEARING DATE: June 24, 2009  
10:00 A.M.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
(CENTRAL ISLIP DIVISON)  
------------------------------------------------------------X  
In re:

US WEB, INC.,

Chapter 11  
Case No. 08-74421 (AST)

Debtor.  
------------------------------------------------------------X

**NOTICE OF HEARING ON DEBTOR'S MOTION FOR AN ORDER DISMISSING THE CHAPTER 11 BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §1112 AND FOR OTHER RELATED RELIEF AS THIS COURT DEEMS NECESSARY AND PROPER**

**PLEASE TAKE NOTICE,** that on June 24, 2009 at 10:00 a.m., a hearing (the "Hearing") will be held before the Honorable Alan S. Trust United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, Room 960, on the motion of the above captioned debtor and debtor-in-possession ("Debtor") for an Order dismissing the Chapter 11 Bankruptcy Case Pursuant to 11 U.S.C. §1112 and for other related relief as this Court deems necessary and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, (i) shall be in writing, (ii) shall set forth the name of the objectant, the nature of any claim or interest alleged by such objectant against the Debtor's estate or property, (iii) shall state with particularity the legal and factual basis for such objection, and (iv) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nyeb.uscourts.gov) by

registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Formant (PDF), WordPerfect, or any other Windows-based word processing format, with a copy to the Chambers of Honorable Alan S. Trust, United States Bankruptcy Court, Eastern District of New York, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722 and served upon Sills Cummis & Gross, P.C., One Rockefeller Plaza, 25th Floor, New York, New York 10020, Attention: Lori K. Sapir, Esq., such that the papers are received by the above counsel and filed with the Clerk of the Bankruptcy Court on or before the close of business on June 19, 2009.

**PLEASE TAKE FURTHER NOTICE,** that the Hearing Date may be adjourned from time to time without notice to any creditor or any other party-in-interest other than by announcement of the adjourned date in open Court on the Hearing Date.

**PLEASE TAKE FURTHER NOTICE** that, in the event that there are no objections to the relief requested in the annexed Motion, the Court may grant the relief requested therein without a hearing.

Dated: New York, New York
June 3, 2009

         **SILLS CUMMIS & GROSS P.C.**
         Attorneys for the Debtor

         By: _/s/ Lori K. Sapir_
            Lori K. Sapir (LS 8813)
            One Rockefeller Plaza, 25th Floor
            New York, New York 10020
            (212) 643-7000

Sills Cummis & Gross P.C.
Attorneys for Debtor
One Rockefeller Plaza, 25th Floor
New York, New York 10020
(212) 643-7000
Jay L. Silverberg (JLS 0334)
Lori K. Sapir (LS 8813)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

US WEB INC.,

Chapter 11
Case No. 08-74421 (AST)

Debtor.
------------------------------------------------------------X

## DEBTOR'S APPLICATION FOR AN ORDER DISMISSING THE CHAPTER 11 BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §1112 AND FOR OTHER RELATED RELIEF AS THIS COURT DEEMS NECESSARY AND PROPER

**TO THE HONORABLE ALAN S. TRUST**
**UNITED STATES BANKRUPTCY JUDGE:**

Debtor and Debtor-in-possession (the "Debtor"), by its attorneys, Sills Cummis & Gross, P.C., applies for an Order (the "Application") dismissing the Debtor's Chapter 11 case pursuant to Section 1112 of Title 11 of the United States Code (the "Bankruptcy Code") and for other related relief as this Court deems necessary and proper.

### PROCEDURAL BACKGROUND

1. Since approximately 1985, the Debtor has been engaged in the business of direct mail printing and providing a myriad of other mailing and printing services. On August 18, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in this case. On August 28, 2008, an Official Committee of Unsecured Creditors was formed.

2. From the Petition Date through approximately January 2009, the Debtor continued to operate and manage its business and property as a debtor-in-possession under §§ 1107 and 1108 of the Bankruptcy Code. In or about January 2009, the Debtor ceased its business operations and at the present time, the Debtor employs approximately five people to manage the finances, equipment and premises of the Debtor.

3. On February 24, 2009, and on April 30, 2009, this Court entered Orders authorizing procedures for the sale of substantially all of the Debtor's Assets, free and clear of liens, claims and encumbrances, either by private sale or by public auction [Docket Nos. 213 and 243 respectively].

4. The Debtor conducted two private sales, and on May 13, 2009, an auction was held of the Debtor's assets. Despite the aforesaid, the secured creditors have not, and will not be, paid in full.

5. It appearing that there is no likelihood of rehabilitation or reorganization as a going concern, the Debtor believes that it would be in the best interest of the estate to dismiss the bankruptcy case.

## RELIEF SOUGHT AND JURISDICTION

6. The Debtor seeks to dismiss the Chapter 11 case pursuant to Section 1112 of the Bankruptcy Code and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. This Court has jurisdiction herein pursuant to 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b) of the Bankruptcy Code.

## DISMISSAL OF THE BANKRUPTCY CASE

8. Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, ... the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."

9. The term "cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. 1112(b)(4)(A).

10. Cause exists in the case herein to grant the relief requested. The Debtor has minimal, if any, assets, few employees and no operations. There is no likelihood at all of rehabilitation of Debtor's operations or its reorganization as a going concern.

11. Dismissal of this case will eliminate any further and ongoing expense or delay associated therewith.

12. Substantially all of the Debtor's assets have been liquidated, including but not limited to, its equipment and miscellaneous furniture and fixtures.

13. In fact, on May 13, 2009, an auction was held to sell the Debtor's assets. Approximately One Million Three Hundred Thousand Dollars ($1,300,000.00) was collected from the auction, which is substantially less than the liens on the estate's assets. It therefore

appears that the Debtor will be unable to pay its secured creditors in full, and there will be no distribution to unsecured creditors.

14. Furthermore, there are no remaining assets to be recovered for the benefit of the estate.

15. Thus, the Debtor's case no longer serves any reorganizational or other purpose under the Bankruptcy Code and, accordingly, dismissal is in the best interests of the Debtor's creditors.

16. Based on the foregoing, dismissal of the Debtor's chapter 11 case under section 1112(b) of the Bankruptcy Code is in the best interests of the Debtor, the Debtor's estate and its creditors.

17. It is further respectfully requested that the Debtor's counsel, Sills Cummis & Gross P.C., and counsel for the Committee of Unsecured Creditors, be paid the additional "Carve-Out" monies under the terms of the Stipulation and Order dated April 22, 2009 [Docket No. 242], free and clear of any liens, claims and encumbrances.

18. Debtor's counsel's prior fee application was granted only to the extent of the initial Carve Out [Docket No. 227], even though the fees it applied for were well above that amount. Since that time, Debtor's counsel has continued to incur fees in connection with the representation of the Debtor and administration of the Debtor's estate. Even after the application of the additional "Carve-Out", Debtor's counsel will not be paid in full.

19. Moreover, the Debtor is holding monies in its DIP operating account, including proceeds in the sum of Thirty-One Thousand Dollars ($31,000.00) which are proceeds of a

private sale of equipment in which there was an objection to the distribution (the "Sale Proceeds"). It is respectfully requested the Sale Proceeds be deposited into the non-interest bearing escrow account of counsel for the Committee of Unsecured Creditors, Lowenstein Sandler, P.C., and held by Lowenstein Sandler P.C. until the earlier of (i) a final order of a court of competent jurisdiction determines the disposition of the Sale Proceeds, or (ii) an agreement, in writing, between the parties in interest to the Sale Proceeds.

20. Any cash remaining in the DIP Account, other than the Sale Proceeds, including proceeds of accounts receivable, shall be distributed to the Debtor's blanket lien holder, Great Atlantic Capital Corporation ("GACC"), less any amounts GACC expressly agrees in writing may be utilized from such account for estate expenses.

21. Debtor's counsel is also holding Twenty-Five Thousand Dollars ($25,000.00) in escrow in connection with the proposed sale of assets to US Direct LLC, which was not consummated. Pursuant to the Asset Purchase Agreement, the deposit was to be returned to US Direct LLC upon termination of the agreement. It is therefore respectfully requested that Debtor's counsel release the deposit to US Direct LLC, payable by check and delivered to its counsel, Cole, Schotz, Meisel, Forman and Leonard, P.A., Attention: John H. Drucker, Esq., 900 Third Avenue, 16th Floor, New York, New York 10022.

22. No prior request for the relief sought herein has been made to this Court or any other Court.

## WAIVER OF MEMORANDUM OF LAW

23. It is respectfully requested that the Court waive any requirement that the Debtor file a memorandum of law in support of this Application.

# CONCLUSION

24. For the foregoing reasons, it is respectfully requested that this Court grant the Application in its entirety, enter an Order substantially in the form of the Order attached as Exhibit "A" and dismiss the Chapter 11 case.

Dated: New York, New York
      June 3, 2009

                                          **SILLS CUMMIS & GROSS P.C.**
                                          Attorneys for Debtor

                                          By: *Lori K. Sapir*
                                          Lori K. Sapir, Esq. (LS 8813)
                                          One Rockefeller Plaza, 25th Floor
                                          New York, New York 10020
                                          (212) 643-7000

Sills Cummis & Gross P.C.
Attorneys for Debtor
One Rockefeller Plaza, 25th Floor
New York, New York 10020
(212) 643-7000
Jay L. Silverberg (JLS 0334)
Lori K. Sapir (LS 8813)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

US WEB INC.,

Chapter 11
Case No. 08-74421(AST)

Debtor.
-----------------------------------------------------------------X

## ORDER DISMISSING THE CHAPTER 11 BANKRUPTCY CASE
## PURSUANT TO 11 U.S.C. §1112

Upon the application (the "Application") of the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to Section 1112 of Title 11 of the United States Code (the "Bankruptcy Code") seeking entry of an order dismissing the Debtor's Chapter 11 case and for other related relief; it is hereby

**ORDERED** that the Application is granted in its entirety; and it is further

**ORDERED** that the Chapter 11 Bankruptcy Case be dismissed; and it is further

**ORDERED** that the Carve-Out monies reserved for Debtor's counsel and counsel for the Committee of Unsecured Creditors under the terms of the Stipulation and Order dated April 22, 2009 be released to Debtor's counsel and counsel for the Committee of Unsecured Creditors in the amounts of Forty Thousand Dollars ($40,000.00) and Twenty Thousand Dollars ($20,000.00) respectively, free and clear of any liens, claims and encumbrances; and it is further

**ORDERED** that the monies being held in the DIP account be distributed as follows:

(a) Thirty-One Thousand Dollars ($31,000.00) being held in escrow from a

private sale of equipment in which there was an objection shall be released by the Debtor to Lowenstein Sandler P.C., to be held in a non-interest bearing escrow account until the earlier of (i) a final order of a court of competent jurisdiction determines the disposition of the proceeds, or (ii) an agreement, in writing, between the parties in interest to the sale proceeds;

(b) The remaining cash, if any, including proceeds of accounts receivable held in the Debtor's DIP account shall be distributed to the Debtor's blanket lien holder, Great Atlantic Capital Corporation ("GACC"), free and clear of any liens, claims and encumbrances, less any amounts that GACC expressly agrees in writing may be used for estate expenses; and it is hereby

**ORDERED** that the Twenty-Five Thousand Dollars ($25,000.00) being held by Debtor's counsel in escrow in connection with the proposed sale of assets to US Direct LLC, which was not consummated, shall be released by Sills Cummis & Gross P.C., and refunded to US Direct LLC, and Debtor's counsel shall release the deposit, payable by check to US Direct LLC and delivered to its counsel, Cole, Schotz, Meisel, Forman and Leonard, P.A., Attention: John H. Drucker, Esq., 900 Third Avenue, 16th Floor, New York, New York 10022.

Dated: Central Islip, New York
      June __, 2009

                                                   _____
                                                   UNITED STATES BANKRUPTCY JUDGE